UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON ALEXANDER FAVOR,

    Plaintiff,

      v.

MARCIA STEVENSON-BRIDGES, et al.,

    Defendants.

Case No. 19-00419 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff, a state prisoner at the California Correctional Institution ("CCI") in Tehachapi, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against two individuals. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.**   <u>**Standard of Review**</u>

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

United States District Court
Northern District of California

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

Plaintiff claims that Defendant Monee Stevenson "collects information unnecessary with respect to right of privacy," and that Defendant Marcia Stevenson-Bridges "used force and elder status to use plaintiff in effort collecting information violating privacy right, cruel and unusual punishment, tampering with respect under due process claimant [*sic*]." (Compl. at 3.) Plaintiff seeks damages and a "bond on own recognizance release." (*Id.*)

The complaint is deficient for several reasons. It is unclear from the allegations whether the named defendants are persons acting under the color of state law or private individuals. If the latter, then Plaintiff cannot state a § 1983 claim against them because a private individual does not act under color of state law, an essential element of a § 1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974), *cert. denied*, 421 U.S. 949 (1975). Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

Furthermore, it is unclear whether venue is proper in this district because Plaintiff provides no information with respect to: (1) where any defendant resides, or if all defendants are residents of the state in which the district is located; and (2) where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

part of property that is the subject of the action is situated.  *See* 28 U.S.C. § 1391(b).

Lastly, the Court notes that Plaintiff has filed a copy of a "Notice of Motion and Motion for Bail or Release on Own Recognizance Pending Appeal" which is addressed to the Los Angeles County Superior Court.  (Docket No. 2.)  Accordingly, it appears that Plaintiff has recently suffered a conviction out of that court.  If the instant action for damages is based on an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  *Id.* at 487.  Furthermore, Plaintiff's request for a "bond on own recognizance release" is not a type of relief that can be granted in a § 1983 action.  Rather, challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'"  *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  If Plaintiff is a convicted felon seeking release, he must challenge the lawfulness of his confinement by filing a petition for writ of habeas corpus after exhausting state court remedies.

Plaintiff shall be granted leave to file an amended complaint to attempt to state a § 1983 in this Court which is not barred by *Heck* and show that venue is proper here.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies discussed above.  The amended complaint must include the caption and

3

civil case number used in this order, Case No. C 19-00419 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED**

Dated: _May 13, 2019_

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.19\00419Favor_dwlta