UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON ALEXANDER FAVOR,

    Plaintiff,

v.

MARCIA STEVENSON-BRIDGES, et al.,

    Defendants.

Case No. 19-00419 BLF (PR)

**ORDER OF TRANSFER**

Plaintiff, a state prisoner at the California Correctional Institution ("CCI") in Tehachapi, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against two individuals. (Docket No. 1.) The Court dismissed the complaint with leave to amend for Plaintiff to attempt to correct several deficiencies. (Docket No. 10.) Plaintiff has filed an amended complaint. (Docket No. 14.)

## DISCUSSION

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. **Plaintiff's Claims**

The Court dismissed the original complaint with leave to amend for the following three deficiencies: (1) it was unclear whether the two named individuals, Monee Stevenson and Marcia Stevenson-Bridges, were persons acting under the color of state law or private individuals; (2) it was unclear whether venue was proper in this district because there was no information with respect to where defendants reside or where a substantial part of the events or omissions giving rise to the claim occurred; and (3) whether the claim for damages was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), since it appeared Plaintiff had recently suffered a conviction out of Los Angeles County Superior Court. (Docket No. 10 at 2-3.) In the amended complaint, there are indications that venue in this district is not proper as Plaintiff states that the alleged violation occurred in "County Jail – Los Angeles." (Docket No. 14 at 1-4.) Furthermore, under "Claim 1," Plaintiff asserts "Sixth Amendment Right to effective assistance of counsel" and then proceeds to give a detailed narrative of his actions in Los Angeles on November 8, 2004, under "supporting facts." (*Id.* at 6-9.)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the…. claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

2

(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007) (citations omitted). Here, Plaintiff's lengthy narrative contains no facts involving any of the named defendants to give them notice of his claim against them, and therefore fails to comply with Rule 8(a)(2). Although this failure to comply with Rule 8(a)(2) is grounds for dismissal of the entire action, *see McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996), in the interest of justice, the Court will transfer the action to the district with proper venue rather than have Plaintiff suffer a dismissal.

Because the relevant facts indicate that the acts complained of occurred in Los Angeles County, which lies within the venue of the Western Division of the Central District of California, *see* 28 U.S.C. § 84(c)(2), venue properly lies in that district and not in this one. *See* 28 U.S.C. § 1391(b).

## CONCLUSION

For the foregoing reasons, this case is **TRANSFERRED** to the United States District Court for the Central District of California. *See* 28 U.S.C. § 1406(a).

The Clerk shall terminate all pending motions and transfer the entire file to the Western Division of the Central District of California in Los Angeles. *See* 28 U.S.C. § 84(c)(2).

**IT IS SO ORDERED**

Dated: _November 15, 2019_

_____
BETH LABSON FREEMAN
United States District Judge

Order of Transfer
PRO-SE\BLF\CR.19\00419Favor_transfer

3